```
 1                  UNITED STATES DISTRICT COURT

 2                        DISTRICT OF NEVADA

 3

 4  UNITED STATES OF AMERICA,    )
                                 )  Case No. 2:22-cr-00030-RFB-DJA
 5              Plaintiff,       )
                                 )  Las Vegas, Nevada
 6        vs.                    )  Monday, October 21, 2024
                                 )  8:48 a.m.
 7  KRISTOPHER LEE DALLMANN,     )
                                 )  IMPOSITION OF SENTENCE
 8              Defendant.       )
    _____)   C E R T I F I E D   C O P Y
 9

10

11

12          REPORTER'S TRANSCRIPT OF PROCEEDINGS

13       THE HONORABLE RICHARD F. BOULWARE, II,
              UNITED STATES DISTRICT JUDGE
14

15

16

17  APPEARANCES:     See Page 2

18

19

20

21  COURT REPORTER:    Patricia L. Ganci, RMR, CRR
                       United States District Court
22                     333 Las Vegas Boulevard South, Room 1334
                       Las Vegas, Nevada  89101
23
    Proceedings reported by machine shorthand, transcript produced
24  by computer-aided transcription.

25
```

APPEARANCES:

For the Government:

    **JESSICA OLIVA, AUSA**
    U.S. ATTORNEY'S OFFICE
    501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101
    (702) 388-6268

    and

    **MICHAEL CHRISTIN, ESQ.**
    **MATTHEW A. LAMBERTI, ESQ.**
    U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
    1301 New York Avenue, NW, Suite 600
    Washington, DC 20530
    (202) 514-1026

For Defendant Kristopher Lee Dallmann:

    **LARONDA R. MARTIN, ESQ.**
    **KEVIN ANDRE TATE, ESQ.**
    **RICK MULA, ESQ.**
    OFFICE OF THE FEDERAL PUBLIC DEFENDER
    411 E. Bonneville Avenue, Suite 250
    Las Vegas, Nevada 89101
    (702) 388-6577

ALSO PRESENT:

    Erica Strome, U.S. Probation
    Emily McKillip, Pretrial Services

```
 1        LAS VEGAS, NEVADA; MONDAY, OCTOBER 21, 2024; 8:48 A.M.
 2                              --oOo--
 3                         P R O C E E D I N G S
 4        THE COURT:  Please be seated.
 5        (Court conferring with court personnel.)
 6        COURTROOM ADMINISTRATOR:  Good morning.  The matter now
 7 before the Court is the United States of America versus
 8 Kristopher Lee Dallmann, Case Number 2:22-cr-030-RFB-DJA.
 9 Counsel, please make your appearances, beginning with the
10 Government.
11        MR. LAMBERTI:  Good morning, Your Honor.  Matt Lamberti
12 for the United States.
13        MR. CHRISTIN:  Good morning, Your Honor.  Michael
14 Christin for the United States, and our colleague, Jessica
15 Oliva, is joining us today as well.
16        THE COURT:  Good morning.
17        MR. TATE:  Good morning, Your Honor.  Kevin Tate
18 appears with Kristopher Dallmann who appears in person, along
19 with Assistant Federal Defender Rick Mula and LaRonda Martin.
20        THE COURT:  Good morning.
21        MS. MARTIN:  Good morning, Your Honor.
22        THE COURT:  And who else do we have here from Probation
23 and Pretrial Services?
24        OFFICER STROME:  Good morning, Your Honor.  Officer
25 Erica Strome with U.S. Probation.
```

1          OFFICER MCKILLIP:  Good morning, Your Honor.  Emily
2  McKillip with Pretrial Services.
3          THE COURT:  Good morning.
4          What I'm going to ask for you all to do, I need to have
5  an ex parte proceeding as relates to Mr. Dallmann, I'm going to
6  ask everyone, please, to clear the courtroom except for
7  Mr. Dallmann and his counsel.
8          (Whereupon, an ex parte hearing was reported, but not
9  transcribed.)
10         THE COURT:  Okay.  We are back on the record here.
11         Based upon my ex parte hearing with Mr. Dallmann and
12 his counsel, I'm going to order that new sentencing counsel be
13 appointed in this case.  This sentencing hearing will
14 unfortunately have to be continued based upon my finding that
15 there is an appropriate legal basis for new counsel to be
16 appointed for sentencing.
17         I will say this just for the record.  What I'm going to
18 do also is I'm going to deny without prejudice the post-trial
19 motions and allow new sentencing counsel to file whatever
20 post-trial motions and sentencing motions they think are
21 appropriate.  And they could potentially file the same or
22 similar motions.
23         As it relates to the trial motions themselves, I am
24 going to deny the Rule 29 motion in this case.  I do find based
25 upon the evidence in this case and based upon the arguments and

1  the evidence cited by Government counsel that the defendant's
2  motion should be denied in this case, that there was sufficient
3  evidence adduced in the record to support the verdict in this
4  case.  And, again, I'm not going to cite through all of the
5  examples.  I think the Government has done an able job of citing
6  to all of the different forms of evidence that supported the
7  verdict in this case in addition to the overall record.
8           So I'm not sure, Mr. Lamberti and Mr. Christin, how
9  long it will take new counsel to get up to speed in this case.
10 I would imagine it may take at least 60 to 75 days given the
11 extent of the record.  I'll have to look at our calendar to see
12 where we are.  Let me get a date and let you all know.
13          Yes, Mr. Christin.
14          MR. CHRISTIN:  Your Honor, if I may just seek
15 clarification on two points.
16          Your Honor denied the post-trial motions in this case.
17 Is that with respect to all defendants or just Mr. Dallmann?
18          THE COURT:  Just Mr. Dallmann.
19          MR. CHRISTIN:  Okay.
20          THE COURT:  Without prejudice.  So his -- his -- I'm
21 going to give his new counsel an opportunity to file motions,
22 but given what transpired and what were issues that were raised,
23 I think that it would be appropriate to do so.  So I will give
24 his new counsel leave to file both post-trial motions and
25 sentencing motions because in this case they sort of work

1  together or can work together.
2          MR. CHRISTIN:  Thank you, Your Honor.
3          And the second point I wanted to just direct the
4  Court's attention to is Footnote 5 in the Government's response
5  to the post-trial motions.  We noted that there was a
6  supplemental motion under 29(a) that was filed late in the
7  course of trial at ECF 468.  And I believe that Your Honor
8  denied all of the motions, but in the minute order that was
9  released denying the various 29(a) motions, it did not note that
10 ECF 468 was denied as well.  So I would like to draw your
11 attention to that --
12         THE COURT:  Okay.
13         MR. CHRISTIN:  -- just an outstanding motion that's out
14 there.
15         THE COURT:  Okay.  To the extent that we need to
16 address that, we'll amend the minute orders to do that.
17         (Court conferring with courtroom administrator.)
18         THE COURT:  Mr. Lamberti?
19         MR. LAMBERTI:  Your Honor, we wanted to flag one issue
20 since the Court is going to be changing the dates of the
21 sentencings.
22         THE COURT:  Oh, no.  I'm not changing -- so I'm glad
23 you're bringing that up.
24         MR. LAMBERTI:  Okay.
25         THE COURT:  The other sentencings will not be moved.

1          MR. LAMBERTI:  I see.  Okay.
2          THE COURT:  They will all stay the same.  There's no
3   reason, right, to do that.  And that's why I had said, as
4   Ms. Smith communicated to you all, that each sentencing will be
5   handled separately because things like this come up.  So I'm not
6   changing the sentencing.  So to the extent that, for example,
7   you feel that you need to address issues that may come up in the
8   context of whatever the amounts are or expert advice, that needs
9   to be brought up in the sentencings for each of the respective
10  defendants in this case.
11          Now, it's obviously slightly different for Mr. Dallmann
12  than the others given the additional counts of which he was
13  convicted, but I'm just saying that because, and I know we have
14  in the gallery counsel for some of the other defendants, I'm not
15  going to move the other sentencing hearings in this case.
16          MR. LAMBERTI:  Okay.  I thank you, Your Honor, for
17  that.  So I just want to flag one issue for the Court.  So we
18  had mentioned this in our sentencing memo for Mr. Dallmann, but
19  just so it's clear for the record.  So in terms of the
20  infringement amount -- so Mr. Dallmann, you know, is obviously
21  the prime mover here in terms of the whole Jetflicks conspiracy.
22  I mean, he was there from the beginning.  He was there from the
23  end.  The other people came into the conspiracy and then a -- at
24  different times and were there for different periods of time.
25          So the infringement amount for all of the other

1  defendants in this case is based on a subset of the infringement
2  amount for Mr. Dallmann.  So that's why it made a lot of sense
3  to do Mr. Dallmann first because we could determine the
4  infringement amount for Mr. Dallmann based on his participation
5  in the conspiracy from beginning to end.  And then once we had
6  done that with the other defendants, we could then assign them a
7  subset of that based on their participation.
8           THE COURT:  No, Mr. Lamberti.  I guess I wasn't clear
9  when I said this before.  I'm not going to -- I will make a
10 determination in each case.  I don't find that it's appropriate
11 to say, "I find this in Mr. Dallmann's case and that applies to
12 a codefendant."  Each sentencing hearing has to stand on its own
13 merits, which means you may present the same evidence, but what
14 I'm not going to do is say, "I made this prior finding and this
15 is going to be the finding for all defendants," right.  They are
16 each entitled to a separate sentencing hearing at which there
17 would have to be proof of the sentencing amount.  Certainly you
18 can present the same evidence.  I'm not going to stop you from
19 doing that.
20          But if each defendant insists on that evidence being
21 presented, that evidence has to be presented.  And so I just
22 want to be clear that that's what will be the finding of the
23 Court.  Now, if you all work out an agreement, that's different,
24 right.
25          But I just want to be clear, Mr. Lamberti, that I'm

1  going to make a determination as to each of the defendants based
2  upon their relative time in the conspiracy.  Now, of course
3  Mr. Dallmann obviously as the, sort of, alleged leader of the
4  conspiracy, right, would have been subject to probably obviously
5  potentially the largest amount, but we still would have had to
6  make separate determinations for each codefendant and that's
7  what we're going to do.
8            (Prosecution conferring.)
9            MR. LAMBERTI:  So, Your Honor, so I appreciate all of
10 that.  One challenge for the Government is that we have
11 witnesses coming from Washington, D.C., the Washington, D.C.
12 area.  We have one of our witnesses who's going to be going on a
13 trip for two weeks.  So he's going to be unavailable for the
14 other sentencings.
15           So typically at a sentencing the Government can proffer
16 the evidence.  The infringement amount sounds like it's -- it
17 will be disputed.  The infringement amount is based on the --
18           THE COURT:  So, Mr. Lamberti, let me just stop you.
19           MR. LAMBERTI:  Okay.
20           THE COURT:  If you're saying that you would like to
21 propose a different sentencing time because one of your
22 witnesses is not available, you should ask me that because right
23 now I'm not going to let you use an expert in one sentencing for
24 a different sentencing.  And if we need to move them all because
25 this is what's happening, that's fine.  I'll consider that.  But

1  you need to let me know.  I don't know if all counsel are here,
2  but I think most of them are here in the gallery.  And if you're
3  saying that to me in the other case, that's fine.
4       And, again, we're talking about another -- the other
5  cases and this is technically for Mr. Dallmann's case.  But just
6  so we're clear, if you want to request the other sentencings be
7  moved, you can work that out with Defense counsel.  They might
8  object to that, although I doubt that very seriously.
9       And so I will just give you leave.  Given what's
10 happened today, you have permission of the Court to go back to
11 other Defense counsel, work out an arrangement with your
12 experts, so we don't have experts flying here needlessly.  I
13 appreciate that.  I was just going to give you all the benefit
14 of it, if you already had them coming, of keeping those hearing
15 dates.  If you would prefer to ask for more time, I'm not going
16 to -- I'm not going to reject that request so long as there's
17 some discussion/agreement with counsel.
18      So you can think about that because it may make sense
19 to do Mr. Dallmann's case first and push everyone's sentencing
20 back.  And, again, you can ask Defense counsel what they think
21 about that.  I don't necessarily have a particularly strong
22 belief one way or another about that.  It depends upon the
23 nature of the request, but if there is a request, the Court will
24 consider it particularly given what's happened today.  Okay?
25      MR. LAMBERTI:  Agreed 100 percent, Your Honor.  One

1  proposal for the Court and also Defense counsel would be to have
2  a hearing with the witnesses on the restitution or, sorry, on
3  the infringement amount.  So all Defense counsel will
4  participate in that.  The Court --
5           THE COURT:  Mr. Lamberti, I guess I'm not being clear.
6           MR. LAMBERTI:  Okay.
7           THE COURT:  It's going to be separate hearings --
8           MR. LAMBERTI:  Got it.  Okay.
9           THE COURT:  -- each time.  Now, if your request is, for
10 example, to have your witnesses testify or have the hearings set
11 on the same day, that's fine.  And so we could potentially have
12 a portion of the hearings that would go for each of the
13 respective defendants on the same day.  I don't know that it's
14 going to take that long, honestly.
15          MR. LAMBERTI:  Yep.
16          THE COURT:  But it will still be separate hearings.
17 Now, if you want to coordinate that as a way to make it
18 efficient with counsel, that's fine, right.  I'm not going to,
19 again, prevent that because I do think that there can be certain
20 efficiencies for both sides for there to be an agreement or at
21 least a stipulation about certain dates or things like that.  I
22 think that's fine.
23          But I do want to be clear that I'm not going to have
24 one hearing for all the defendants.  They will each get a
25 separate sentencing hearing that can be coordinated, but at

1 least have a separate sentencing hearing just so that that
2 record is clear because I think it's going to be important for
3 that record to be clear given what I would anticipate to be,
4 sort of, the extensive appellate proceedings in this case.  I
5 want to make sure that the record is clear as to the sentencing
6 for each respective defendant, and so I just wanted to make sure
7 that you all understand that.  Okay?
8       MR. LAMBERTI:  So thank you, Your Honor.  So we'll work
9 with Defense counsel on trying to reschedule the sentencings to
10 make sure that our witnesses can participate.
11       THE COURT:  Okay.  All right.
12       So in terms of current counsel, Mr. Tate or Ms. Martin
13 or Mr. Mula, is there anything else that the Court needs to do
14 at this time?
15       MR. TATE:  No, Your Honor.  Thank you.
16       THE COURT:  Okay.  So for now, I will tentatively set
17 Mr. Dallmann's new sentencing for January 31st at 9:15.  And
18 potentially we could schedule the other sentencings on that same
19 day as appropriate.
20       Mr. Lamberti and Mr. Christin, is there anything else
21 that we need to do today?
22       MR. CHRISTIN:  Court's indulgence, Your Honor.
23       THE COURT:  Sure.
24       (Prosecution conferring.)
25       MR. CHRISTIN:  Your Honor, if I -- just for sake of

1  clarity for the record and for Government counsel, as Your Honor
2  remembers, Mr. Dallmann filed a motion on the eve of trial for
3  new counsel and Your Honor had an ex parte hearing.
4  Mr. Dallmann had counsel appointed for that hearing, and Your
5  Honor made a determination that Mr. Dallmann -- there was no
6  need for new counsel at that stage of the proceeding.
7            We have a filing today, and Your Honor has decided that
8  as -- based on the ex parte proceeding this time around that
9  Mr. Dallmann should have counsel for sentencing and post-trial
10 motions.  Just for the sake of clarity for the record, I want to
11 just clarify that the reasons for the appointment of counsel
12 this time around didn't affect the -- so, I guess, new reasons
13 for why Mr. Dallmann needs new counsel for sentencing versus the
14 last hearing.
15           THE COURT:  I'm not actually even sure, Mr. Christin,
16 what you're actually asking me.  I mean, the record speaks for
17 itself.  It's an ex parte proceeding.  You all won't have access
18 to that.  And all I can say is that I found there was a
19 sufficient legal basis for the filing.  I'm not going to get
20 into what the reasons were for that, other than to say that I
21 find that there was a sufficient legal basis to do that.  I
22 appreciate your concerns for the record, but that's the extent
23 of what I can say in this proceeding.
24           MR. CHRISTIN:  Thank you, Your Honor.
25           THE COURT:  All right.

1        And, again, I appreciate and I'm mindful of the fact
2   that you all have prepared for this for today.  The Court didn't
3   reach this decision lightly, but felt as a legal matter this had
4   to be the course of action taken.  So I thank you all for your
5   preparation and presentation of all of the exhibits and
6   everything that was asked.
7        From Pretrial's perspective, is there anything that we
8   need to do as relates to Mr. Dallmann at this point?
9        OFFICER MCKILLIP:  No, Your Honor.  Thank you.
10       THE COURT:  All right.  And anything else from
11  Probation, Officer Strome?
12       OFFICER STROME:  No, Your Honor.  Thank you.
13       THE COURT:  All right.  Thank you all for your time
14  today.  We will be adjourned on this case.  Thank you.
15           (Whereupon the proceedings concluded at 9:27 a.m.)
16                              --oOo--
17                    COURT REPORTER'S CERTIFICATE
18
19       I, PATRICIA L. GANCI, Official Court Reporter, United
20  States District Court, District of Nevada, Las Vegas, Nevada,
21  certify that the foregoing is a correct transcript from the
22  record of proceedings in the above-entitled matter.
23
24  Date:  October 29, 2024.
25                                    /s/ **Patricia L. Ganci**
                                      Patricia L. Ganci, RMR, CRR

PATRICIA L. GANCI, RMR, CRR